Case number 18-3345, USA v. John Rankin. Argument not to exceed 15 minutes per side. Mr. Easel, you may proceed for the appellant. Good morning, Your Honors. I would like to reserve five minutes for, I mean, two minutes for rebuttal. Two minutes, thank you. May it please the Court, Mr. Litton, we presented five issues for the Court's consideration here. I believe that since the government conceded the fifth that I'm not going to say anything about that unless the Court wants to hear on that. We'll start with the first issue, which is whether or not Count 17 stated an offense. It's our position that it did not state an offense because in that case they failed to plead a pending proceeding which was required by the Sixth Circuit law that was in effect at the time, which was cassive. And then, of course, that was also adopted by the U.S. Supreme Court in Marinello. So we believe that there was no nexus in time or causation or logic with an administrative proceeding such as an investigation or audit that was set forth. I mean, is it a magic words test? I mean, I've got Count 17. It says concealed information sought by those agents. I mean, they're not seeking it for grins' sake. And we well know we're attempting to ascertain income, et cetera. So do you think what's required under the case law is, well, magic words is a little bit of a pejorative. But, I mean, it seems pretty close functionally to the same point. Well, I think what it has to say is that there's a pending proceeding. And it's not, oh, we're checking out to see whether or not you filed your 1040. Oh, we're looking at your 1040. Oh, we're looking at your corporate records. We're looking to see whether you filed tax records. We're looking to see whether they're correct. That's average administrative stuff that they do every day. You can make false and misleading statements when they're investigating up to a, quote, proceeding. I didn't say that you could make false and misleading statements. What I'm saying is they have to relate to a pending proceeding. But I thought proceeding was defined by Marinello as an investigation. It is. It's not just – you can negligently fill out a form and it's incorrect. You can purposefully fill out a tax form and it's incorrect. The question is whether or not it's an act or an omission. That's the way I look at it, and that goes back to this Beas case that I cited. Because it says corruptly endeavor to instruct or impede. Endeavor is a verb in that situation, not a noun. And that's really how you have to look at this is you actually have to do something. You can't just sit back and engage in omissions and raise it up to a felony. But once again, that's not our main argument. Our main argument is they didn't plead what CASIF requires, which is a pending proceeding. It just doesn't say it. Well, it doesn't – if we define proceeding to mean investigation, doesn't the idea that agents who he well knew were attempting to ascertain income, expenses, and taxes for a defendant – I mean, if I were to define IRS investigation, it would be agents inquiring about income, expenses, and taxes. And that's the precise language that the indictment uses. Does your position simply require them to add during an investigation at the end of that sentence? I believe it should, Your Honor. Actually, it should be some sort of official proceeding or some sort of investigation because those exact acts are what they do every year when they evaluate your 1040s, when they evaluate all our 1040s here or whatever we're filing. Is that right? They check our expenses electronically. They check our income. They check to see if our taxes are right. They check and see if our schedule C's are right. I know they check and see if my schedule C's are right because I'm a sole proprietor. Most attorneys in private practice are, so that's how it works. And it's something more than that. That's what Cassius says. That's what Marinello says. It's not just the average run-of-the-mind operation. I would have thought the analogy of the 1040 was you file and they come back and say, we have some questions about these items, and that at that point would count as an investigation. But it wouldn't count when you just file. If we're going to make an analogy to something we all understand, that would seem to be the analogy. They come back and say, I see you filed it. Good for you. We have some questions about paying Social Security taxes or whatever else it is that they're concerned about. Why isn't that an investigation? Is it supposed to have some official number or something? I think that's run-of-the-mill stuff. That's not an actual investigation into something. Let me give you an example. Because I'm kind of agreeing with you that if you just file and they're processing, I'm okay with that not being an investigation. But I don't understand how it's not an investigation when you file and they come back and say, we have some questions about what you did. I've had taxes. I mean, Your Honor, I can only explain it this way. I've actually gotten a letter from the IRS saying, hey, you mentioned this on your form, but you didn't file the supporting documentation. And it was like, oh, well, this is what happens when you use a tax program and you forget to exit out one of the things that actually didn't occur that year. Now you're speaking our language. That's what really goes on. I mean, am I subject of an investigation? You can have small investigations and big investigations. If you respond to that inquiry and they say you're supposed to fill this form and you doctor something, I think you've got a problem. The question is whether he corruptly endeavored, whether he engaged in acts that did. This is a different argument. That seems like a different argument. It is. It's the same thing. Because you actually, you know, negligence isn't enough. A failure to simply file is not enough. You have to corruptly endeavor to impede or obstruct. You'd have to have the intent to impede or obstruct and then act on that intent. So we think that this indictment doesn't meet or this count did not meet the standards of Marinello and Cassidy. Just to make sure I'm getting your last point. Your last point doesn't sound like a complaint about the indictment. You seem to be complaining about sufficiency. That's what I'm complaining about. That counted the indictment, count 17. The other issue that I would like to raise that I think is important is a lesser included instruction. He was charged under 7202 with an offensive and we asked for a 7203 lesser instruction, which is a misdemeanor because it doesn't contain, 7202 doesn't have an express temporal element even though all taxes, as we all know, have to be paid when the IRS says they've got to be paid. 703 does have an express temporal element, which is times or times required by law. If someone is guilty of 7203, are they automatically guilty of 7202? I would say yes, they could be. So doesn't that preclude the lesser included offense? Well, the reason why I say that it could be is because I think the distinction is very simple. It's whether or not it's an act versus an omission. I think 7202 governs acts, 7203 governs omissions to act. And Spies, the Supreme Court case, explained to us that the scheme basically criminalizes the behavior whether it's a felony or a misdemeanor and the distinction is acts versus omissions. So are you saying that only omissions can be prosecuted under 7203? I believe so, Your Honor. Even though it can be a willful omission, but it can be an omission. Is there a case that says it's only omissions? I think Spies says that. It says that only omissions can be prosecuted as misdemeanors. Okay. So your lesser included argument, usually I think of a lesser included offense as having one less element. In this case, you're suggesting that the lesser included offense actually has an additional element, an element of time. I guess I'm stumbling over the idea of how a lesser included offense can have an additional element and be deemed a lesser included offense. Do you see what I'm saying? So usually you think greater or lesser. Yes, that's the government's argument, and I think it's wrong and it's real simple. It's a subset because, as I previously said, 7202 requires that you pay taxes according to the law, okay? Well, the law always has deadlines as to when you have to pay taxes. But this says, in the other case, in 7203, it's a subset of 7202 because it says at the time or times required by law. And if you look at the indictment in this case, and this is the key, the indictment basically tracks a 7203 charge because it says that the indictment alleges a temporal element of no later than one month after the last day of the quarter, which is exactly what 7203 is talking about at the time. But the intuition behind your point is correct. 7203 covers less. Yes. But that doesn't make it lesser included. That's the problem. 7203 does cover less. It covers fewer crimes. But the question isn't whether something covers less. It's whether it's lesser included. I understand, but I would point out that the Ninth Circuit, I know, Your Honor, 7201 and 7203. 7203 is a lesser included of 7201, as I pointed out in the brief. Which case are you relying on here? Let me grab my brief, Your Honor. You mentioned Spies, and I don't see it cited in any of the briefs. I thought I brought up Spies. Say that again? Spies, United States v. Spies. And if you tell me where you cite it in your brief or if there is. Your Honor, I was looking at my materials that I put on at the trial level in the sentencing hearing, and that's where Spies came from. I'm sorry. I apologize for that. Is that the Ninth Circuit case? No, no. That's a U.S. Supreme Court case. What's your Ninth Circuit case? I'm trying to find it, Your Honor. DTAR, it's on page 6 of the reply brief. Now I'd like to, if I could, move on to whether you can use uncharged conduct as relevant conduct under the sentencing guidelines. In this case, that's exactly what happened. The court did use or include in the pre-sentence investigation report uncharged conduct as relevant conduct. And we argue that that should not occur. What that does is it does damage to the presumption of innocence because you've never even been charged with it, but here the court's using it against you to calculate a number on the table in Section 2T of the guidelines. That's our problem. There's a lot of water over the dam on that, isn't there? There sure is, Judge. I remember 31 years ago going to the first AO's video conference on the guidelines and how they talked about the fact that the new deal is it's a real conduct system, not a charge-based system. And that's what underpins the entire guideline relevant conduct thing. I remember going to that. And I will tell you that there's some good things about the guidelines. There's some bad things about the guidelines. And I think this is one of the bad things about it because nobody, I think, has ever really articulated that using uncharged conduct, we're not talking about what the government brought up, which is acquitted conduct, even though that's sort of strange too because then you're It's worse. Yeah, because you're restored to uncharged. That maybe nobody's ever looked at this from this angle, which is Nelson. You represent criminal defendants quite often. Do you really want the government incentivized to charge everything? If that's the only way they can use it at sentencing. That seems like not only not a pyrrhic victory, it seems worse than that. It seems particularly unlawful. They do that now. I mean, they basically changed it. Just charging conspiracy instead of substantive offenses, the most drug offenses these days because they know that they could have 100 sales or they could have one conspiracy and incorporate the 100 sales into it. They're still going to get the same sentence because of the way the guidelines work. The same thing is true with the financial aspect of the federal sentencing guidelines. I see that my time has expired. Thank you. Good morning. May it please the court. Noah Litton on behalf of the United States. I'd like to turn back to the discussion of Count 17 in this case and take it sort of in three parts. The first is pleading versus proof. The second is Count 17 as alleged, and the third is harmless error. In terms of is this a burden of pleading at the indictment stage or proof, I have to confess the government's brief at the bottom of page 18 erroneously lumps Kasuf in with Marinello from the Supreme Court as well as Minor from the Sixth Circuit as jury instruction cases or burden of proof cases. It wasn't. Kasuf came to this court on a motion to dismiss an indictment. That said, I don't think Kasuf has to be read in a manner to require the omnibus clause provision to include nexus language at all. I think what Kasuf did is say in that case, Count 26 of that indictment, which the court listed in a footnote at footnote one, rather lengthy indictment, the government pleaded itself right out of court. All of the allegations in that omnibus clause provision were preparatory actions before a filing had occurred, before the IRS's interest had been piqued at all. Things like failing to maintain records, moving money around in a manner that years later could be more difficult to track. So I think what the district court in Kasuf said is take all of the government's allegations as true in this case. It could never amount to an offense. There was never a hint of a pending proceeding, heightened investigative scrutiny, something from the IRS that piqued their interest. So while I do agree Kasuf is subject to a broader reading requiring a pleading standard, I think in light of Marinello, maybe this court doesn't need to go down that road. As a generic matter, is it the government agrees that elements of the offense have to be listed in the indictment, or no? I think the right way to read Kasuf is in line with this court's decision in Collis, which was interpreting a nearly identical obstruction provision from the generic criminal code. I was just thinking, setting aside this crime, just generically, elements of the offense, generally speaking, should be in the indictment. That's right, but it's generally sufficient to track the statutory language. And that's what this court said in Collis regarding the generic obstruction of justice statute from the criminal code. It said, listen, it's enough to track those elements. Obstruction of justice may require a pending judicial or grand jury proceeding, but it's enough to allege that the nexus is an implicit requirement, something different, not a textual element that must be alleged. And I think that's the right reading. Do you concede that it is, whether you call it an implicit requirement or implicit, it seems to me that after Marinello, it's an element that has to be proved. I think it's a burden of proof requirement. Marinello never used the word element anywhere in the opinion. It was always referred to as a requirement. And I can liken it to any number of other statutes where there's a statutory element, let's say interstate commerce requirement, that's been narrowed over time. And that's all Marinello did in its case. They said we're going to interpret the words due administration of the Internal Revenue Code more narrowly. They weren't adding elements that are missing. Wouldn't the interstate commerce element have to be in the indictment? Correct, but one manner of proving it, one limiting manner is to say in a firearm case we have to prove that the firearm crossed the state line. We don't have to plead in the indictment that the firearm crossed the state line. It's enough to plead that the firearm affected interstate commerce. And that's how I liken this. And that's how lower courts have begun interpreting Marinello in the wake, that it's a burden of proof. How do you define investigation? Well, I think that actually lends credence to the fact that this shouldn't be a pleading requirement because the courts could— The point is who cares if you're right about this first point? Pardon? Who cares is your point? In other words, you don't have to have this in the indictment? I think it's enough in the Omnibus Clause cases to track the statutory language of the indictment. Our indictment went further. I think we're okay, and I'll get to that in a second. But I think it's enough to say that someone corruptly endeavored to interfere with the due administration of the Internal Revenue Code. Knowing that at trial you're going to have to show some nexus to a pending proceeding of which the defendant was aware. But in our case, and I think a lot of the discussion earlier today was about the bonus language in Count 17, right? It goes something beyond Kossuth, and I would break it down into four add-on statements in Count 17. They go beyond the bare statutory language. First, willfully misleading agents of the IRS. Second, by making false and misleading statements to those agents. And by concealing information sought by those agents who he well knew were attempting to ascertain income, expenses, and taxes for himself and his various businesses. That's exactly what Kossuth, Marinello— Remind me something. I don't know if you've read this Minor case, but which side of the line did Minor take on this point? Minor was a jury instructions case, so it didn't have to deal with pleading or proof. All right, all right. Well, you're calling this bonus language in Count 17. What do you think is the bare minimum that's necessary? I think tracking the statutory language from Section 7212A is enough. Similarly, like this court held in Collis, tracking the statutory language of Section 1503 from the criminal code is enough. But in any event, I think the language in Count 17 in our case is sufficient. These are not actions— Do you think that you have to—so usually an element has to be proven beyond a reasonable doubt at trial. Do you think that you have to prove beyond a reasonable doubt at trial the notion that there was an investigation, audit, or the language from Marinello? Yeah, I think that's clear in light of Marinello. Doesn't that suggest that language is at least—usually I think of elements or things that are in the indictment and then have to be proven beyond a reasonable doubt at the trial itself. And isn't that good evidence that it's at least not just evidence to meet your burden of proof or different evidentiary ways to show due administration, but in fact something that has to be proven beyond a reasonable doubt in my mind as an element, I guess. I think it's clear, and I would agree it has to be proven at trial. I don't think it's clear in light of Kossuth and especially this court's decision in Collis that it has to be pleaded separately in the indictment beyond the statutory language with this statute. Maybe I'm just not following this. Is that because you would look at the language of the statute and say a word like impede? You can't, given what that means, if your theory is going to be impede, the only way to do this is show some nexus to an investigation? Is that your point? Is that how you're responding to Judge Murphy, that it's not a separate element? It's just really one of the terms in the statute, and the way you would show impede beyond a reasonable doubt would pick up nexus? Is that the point you're getting at? Well, I don't think it's the impede language. I think it's the due administration of the Internal Revenue Code language. That's what Marinello was focused exclusively on. What does that mean? And it narrowed what that means. It didn't add anything to the statute. It just said this is how we interpret this phrase to avoid vagueness issues, fair notice issues. It's got to mean a little something more. And so that is my point. And I'm simply preserving this issue. I don't think our case or this count rises or falls on that. I think count 17. Well, you announced that. All this mental energy, and then you say. Oh, I thought I made that clear at the outset. But count 17, even if this court were to take a very broad reading of Kossuth and say there must be some sort of investigation, heightened scrutiny, or pending investigation alleged in the indictment, count 17 passes muster. Do you think that Judge Sutton's hypothetical of just once you filed your returns and send in an inquiry saying this is missing some information, please include it, would that qualify as an investigation triggering the statute? I think it does under minor. Minor uses language such as anything that piques the IRS's interest in an individual taxpayer beyond the normal course of filing and processing a return. I think that would. At that point, the IRS has singled out taxpayer A for some sort of heightened scrutiny. There still has to be obstructive conduct after that. It still has to involve that particular inquiry, but I do think that's enough. And here the facts of this case went well beyond that. Everything is an investigation other than just processing returns. Well, I don't think courts have fleshed this out completely, but the Supreme Court in Maranello certainly suggested that. They said we're not going to provide a laundry list of what counts, but what we're looking for is something beyond the day-to-day processing of tax returns. That's right. So when they send you a letter, that's beyond the day-to-day processing? I think it could be, yes. If they're selecting you for heightened scrutiny, something's missing, something's wrong, we're trying to follow up. At that point, you could begin obstructing them. You could lie in your response. You could omit things they asked for. You could – any number – I mean there still had to be conduct after that, but I do think that would qualify. So if, hypothetically, we were to say you lose on the point on count 17 and the adequacy of the indictment on count 17, do you lose on count 17 later on? And if not, why not? No, it's subject to a harmless error standard, and that's this court's decision in Corban Custom Bullets. So even if an indictment fails to state a required offense element, it's subject to harmless error review. And our brief lays out trial proof extensively. Mr. Rankin, in this case, knew he was under investigation because three different revenue officers – sorry, two revenue officers and a special agent from the IRS visited him in person, served him with summonses, notified him of their intent to seek tax levies, began levying him his accounts, and with respect to Special Agent Selden, told him, you are now under criminal investigation. There's no doubt he was – that there were different cases open on him, different heightened investigative efforts, and that he knew about them. In fact, he bragged about them to his own employees in a pretty pivotable email. That's docketed at ECF number 190. He describes the first officer to come and approach him at his house after a fire and how she told him she was going to start levying funds on him  So this isn't a case like Kasuf where it's someone doing something in a vacuum, maybe failing to maintain a record that the IRS would want later, or maybe moving money around that makes it more difficult to track later. His conduct occurred after agents showed up in person, told him what was going on, told him he had failed to file, told him they required certain documents, told him he was going to be levied on, served him notice of appellate rights. All the conduct follows that. So under a harmless error standard, there's no doubt the grand jury would have indicted had that offense element, if this court deems it required an indictment had it been alleged. Is the harmless error standard the standard from Chapman? I think it is, yes, Your Honor. The language in Corbin Custom Bullet is a little wishy-washy. It almost puts the burden on the defendant. I don't think that's right. I think it's the government's burden to show harmlessness. I'll turn briefly to the second issue raised, which is the lesser-included offense on the payroll, failure to pay over payroll taxes. Mr. Rankin did cite a case from the Ninth Circuit in his reply brief, Dittar, that's dealing with a different, greater offense, 7201 tax evasion, not 7202, the count it issued here that he was charged with and convicted of. So I don't think Dittar lends anything to the discussion. I think the judges were on to something when you think of greater and lesser-included offenses. It's a Venn diagram, right? Normally you take away an element from the greater offense, end up with the lesser. Someone who has violated 7203 would automatically have violated 7202, is that right? Yes, that's right. Under his reading, yes, because now we've satisfied all of the elements from 7202, plus the bonus element of at the time or time required. 7203 is a misdemeanor, right, and 7202 is a felony? That's correct. So the misdemeanor is the greater offense? It's an odd construction on it. I think you could imply in almost any tax offense, including 7202, that there has to be a deadline, right? If it's failure to account for your employee's payroll taxes, presumably there's a deadline to file. If it's a failure to pay over, presumably there's a deadline. But the Schmuck decision from the U.S. Supreme Court says we don't look at inherent proof, we look at element by element, language of the statute. So if the defendant is right, if 7203 contains an additional element, he was not entitled to a lesser-included offense. If he's wrong, they're the same elements, and he was not entitled to it. Can I ask what are the two provisions? It was hard for me to really distinguish what they were doing, like doing differently, I guess. What was 7203? What is it designed to accomplish as compared to 7202? So I view these statutes as geared towards different conduct. I'm not saying you could only charge it this way, but 7202 is a felony, and it uses language like collect, account for, and pay over. So that is geared towards someone in Mr. Rankin's shoes who is holding funds in trust on behalf of a third party, like an employer holding the employee's share of FICA and Social Security in trust, maybe an airline holding certain excise taxes in trust for someone else, collecting them, accounting for them, and paying them over. 7203 deals more with an individual, failure to file and failure to pay. So the language is different. That said, courts have affirmed misdemeanor convictions for someone in Mr. Rankin's shoes who failed to file on behalf of his employees, failed to pay over. But that's how I conceptualize them, and that's why one is a felony. I think it's more severe when you fail to pay over someone else's money than simply your own, or you fail to collect for it or account for it. And that's why it was charged that way in this case. And are there any cases that actually deal with whether 7203 is a lesser included offense of 7202? I have not found any. He certainly never cited any in the district court or at this deliberation. And the Datar case is not dealing with 7202 but 7201. Correct. Tax evasion 7201, not failure to account for and pay over under 7202. It's comparing two different statutes, determining whether they're a lesser included offense is not the statute at issue here. I don't think the court needs to even decide whether there's an extra element or not in this case. In any event, when pressed on this issue, there was no differential proof at trial. That's the other requirement to be entitled to a lesser included instruction. There has to be some evidence in dispute that would allow a rational jury to consistently convict on the lesser offense and consistently acquit on the greater. There was no differential proof in this case, and that's the basis in which Chief Judge Sargis denied the request for the instruction. I think that could be an easier way to get there for this court. Unless there are any further questions, I will yield my time. Thank you. Thank you. Your Honor, Mr. Litton points out that he thinks that the statutory scheme is different. Well, if you really look at the elements, it's the same. My position is 7202 is a general statute, 7203 is a specific statute, and it's a subset of 7202. Let me tell you why. He talks about how a defendant has a duty to collect under 7202. A defendant under 7203 has a duty to keep records, supply information, make a return, and a duty to pay. Account for it. Well, that would be records, supplying information, pay over, duty to pay. So the defining maybe difference is that the duty to collect is different than the duty to pay over, and that is the extra element actually in 7202, and it's the duty to collect. And usually when you have a general statute and a specific statute and it covers the same conduct, the government's allowed to elect at trial which way they're going to go. In this case, Mr. Rankin, through his motion to dismiss, through his proposed jury instructions, he attempted to get this offense reduced to a misdemeanor. And if you look at his proposed jury instructions, I think they're at R50. I would ask that you take a look at that because those proposed jury instructions suggest that it is a lesser element. The other thing that Mr. Litton has pointed out is when he talks about Maranello and whether or not, again, it's proposed, whether or not that's an element versus a due administration issue and what constitutes due administration, look at Mr. Rankin's, again, proposed jury instructions. They were pointed out right there. It's laid out that there is an actual proceeding going on. That's what he asked for. And that was the – oh, I'm sorry, it wasn't 50. It was 105, page ID 1781. So with that point, Your Honors, I think that Mr. Rankin's case is submitted. I notice my time's up. If there's anything else, thank you. Thank you both for your argument. The case will be submitted.